UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK FARMER,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Case No. 18-13023
District Judge Victoria A. Roberts
Magistrate Judge Patricia T. Morris

**<u>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #19); GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #17); DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF #13)</u>**

**I.    INTRODUCTION**

On July 31, 2019, Magistrate Judge Patricia T. Morris issued a Report and Recommendation ("R&R") recommending that the Court deny Plaintiff's Motion for Summary Judgment and grant Defendant's Motion for Summary Judgment. Plaintiff timely objected (R. 13) and Commissioner replied (R. 17). The Court agrees with Magistrate Judge Morris's analysis and **ADOPTS** the R&R. The Court **GRANTS** the Commissioner's Motion for Summary Judgment and **DENIES** Plaintiff's Motion.

**II.    DISCUSSION**

When a party properly objects to any part of a magistrate judge's report and recommendation, the Court reviews these portions *de novo*. Fed. R. Civ. P. 72(b). The party must object to specific portions of the report, citing a specific source of error, to be entitled to *de novo* review. *Mira v. Marshall,* 806 F.2d 636, 637 (6th Cir. 1986). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in

order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. *Cole v. Comm'r of Soc. Sec.*, 105 F. Supp. 3d 738, 741 (E.D. Mich. 2015); 28 U.S.C. § 636(b)(1). Plaintiff makes several proper objections regarding findings of the Administrative Law Judge ("ALJ") and Magistrate Judge. The Court addresses these in turn.

> 1. **The Magistrate Judge Did Not Err in Characterization of Plaintiff's Primary Complaint as Related to His Heart Problems—The ALJ Properly Addressed Complaints of Back and Knee Pain**

**First Objection**

Plaintiff contends that the ALJ erred in characterizing his complaint as being mostly about health issues related to his heart, and minimized any potential disability stemming from back or knee pain. The ALJ did address Plaintiff's back and knee pain at length (R. 8 at PageID.43, 45-46) before concluding that Plaintiff "complained mostly of limitations due to his heart condition" (R. 8 at PageID 46).

The Magistrate Judge also considered Plaintiff's back and knee complaints. R&R at 12. Given the attention to Plaintiff's back and knee problems, it cannot be said that the ALJ or Magistrate Judge ignored or dismissed this part of the Plaintiff's complaint.

The hearing transcript reveals that the ALJ split his questions to Plaintiff about evenly between questions about Plaintiff's heart and questions relating to his back or knee (five questions about Plaintiff's heart versus seven about Plaintiff's back and knee (R. 8 at PageID.60-62)). Plaintiff also brought up his heart when questioned about his daily activity; he did not bring up his back or knee. R. 8 at PageID.63-64.

Plaintiff's complaint that the ALJ focused on his heart problems is without merit. The Magistrate Judge properly determined that the ALJ based his conclusion on substantial evidence.

> 2. **The Magistrate Judge Properly Considered Errors and Found Them to Be Harmless**

2

Plaintiff's second, third, and fourth objections can be grouped together. Each is about a technically incorrect statement from the ALJ. The Magistrate Judge found that each constituted harmless error at worst.

Plaintiff alleges three errors from the ALJ: (1) the ALJ did not acknowledge Plaintiff's ongoing medical treatments, (2) the ALJ did not acknowledge Plaintiff's previous back surgery, and (3) the ALJ incorrectly stated Plaintiff's remaining grip strength.

**Second Objection**

Plaintiff argues that the ALJ's statement that Plaintiff has not "required persistent treatment for any physical condition" is reversible error. R. 8 at PageID.46. While the ALJ's statement is technically untrue—Plaintiff received treatment for back, knee, and hand issues (R. 20 at PageID.797)—the Court agrees it is harmless. Plaintiff argues that this statement shows that the ALJ did not read or understand his medical records. However, the ALJ discussed Plaintiff's medical records in detail at other points in the decision. R. 8 at PageID.44-46. Plaintiff also fails to show how any of the medical records he cites in this second objection show disabling symptoms.

**Third Objection**

Plaintiff's third objection is that the ALJ's statement that he "never" received surgery for his back is incorrect, and that the Magistrate Judge improperly disregarded this statement. The Magistrate Judge did consider this statement and points out that Plaintiff took the ALJ's statement out of context. The paragraph where the ALJ says Plaintiff never had back surgery is about conditions arising after 2012. This paragraph only considers symptoms occurring after Plaintiff's first disability claim, which the Commissioner denied in 2012. R. 8 at PageID.46; R. 8 at PageID.38.

The ALJ's statement about back surgery is embedded in a discussion of problems arising after Plaintiff's previous disability application and in fact comes at the end of a consideration of Plaintiff's objective symptoms that "could cause his subjective complaints." R. 8 at PageID.46. The Magistrate Judge properly concluded that the ALJ's statement referred to the lack of surgery after 2012.

**Fourth Objection**

Plaintiff's fourth objection is that the Magistrate Judge compounded the ALJ's mistake regarding Plaintiff's grip strength.

The ALJ did incorrectly state that Plaintiff's grip strength declined by 20%. In fact, Dr. Geoghagen reported that Plaintiff retained 20% of grip strength. The Magistrate Judge found that the ALJ's mistake was harmless error. The Magistrate Judge found that Dr. Geoghagen "did not provide functional limitations" and that the ALJ only gave his opinion "great weight" to the extent that it was consistent with the Residual Functional Capacity ("RFC") and the other evidence in the record. R. 8 at PageID.47.

Dr. Hahn, whose medical opinion formed the basis of the RFC, correctly assessed Plaintiff's grip strength. R. 8 at PageID. 46; R.8 at PageID.106). The Magistrate Judge properly concluded that the ALJ's error was harmless, since the ALJ gave greater weight to accurate testimony from Hahn.

> **3. The Magistrate Judge Did Not Impermissibly Disregard ALJ's Finding That Dr. Sardelli Found No Mechanical Reason for Plaintiff's Knee Pain**

**Fifth Objection**

Plaintiff argues that the Magistrate Judge disregarded medical evidence and erroneously concluded that substantial evidence supported the ALJ's conclusion that Plaintiff had no mechanical reason for left knee pain.

The bulk of Plaintiff's argument is that although Dr. Sardelli found no mechanical reason for Plaintiff's knee pain, he also stated that "with time [the pain] should hopefully resolve." R. 8-8 at PageID.555.

As the Magistrate Judge stated, Plaintiff's argument fails because there is no medical indication in the record that Dr. Sardelli believed Plaintiff's knee pain resulted from a physical cause. Dr. Sardelli did not schedule follow-up tests or order imaging to discover the source of Plaintiff's knee pain; he merely expressed to Plaintiff a hope that he would feel better soon.

Hoping that the Plaintiff's pain resolves is not a medical opinion that there is a lurking mechanical cause of pain.

The Magistrate Judge and ALJ both properly considered this evidence.

4. **The Magistrate Judge Correctly Decided the ALJ Did Not Need to Further Address His Decision to Only Give Part of Dr. Hahn's Opinion Great Weight**

**Sixth Objection**

Plaintiff contends that the ALJ's decision to disregard Dr. Hahn's recommendation that Plaintiff's work limitations include a sit/stand option requires further explanation. Plaintiff claims that where an ALJ gives a physician's recommendation "great weight," he must explain any decision to adopt some recommendations and decline others. *Pope v. Comm'r of Soc. Sec.*, No. 15-12977, 2016 WL 8115399, at *8 (E.D. Mich. July 29, 2016); *Fisk v. Comm'r of Soc. Sec.*, No. 11-CV-15117, 2012 WL 4007831, at *10 (E.D. Mich. Sept. 12, 2012). Plaintiff's reliance on *Pope* and *Fisk* is misplaced. The Court has recently declined to extend *Pope*. *See Callahan v. Comm'r of Soc. Sec.*, 2019 WL 1375516, at *1 (E.D. Mich. Mar. 27, 2019) (collecting cases).

Absent evidence that the ALJ did not base the decision on substantial evidence, the ALJ does not need to explain every deviation from a physician's recommendations. While Plaintiff's objection fails as a matter of law, it would also fail on the merits. Dr. Hahn explicitly adopted the

5

RFC finding from Plaintiff's previous disability case. R. 8-3 at PageID.86-87. The former RFC included a sit/stand option, and still found that there were jobs available to Plaintiff. R. 8-3 at PageID.121.

Because additional jobs at the light work exertional level with a sit/stand option exist in the national economy, as determined in Plaintiff's own previous case, any error on the part of the ALJ was harmless.

## III. CONCLUSION

The Report and Recommendation is **ADOPTED.** The Commissioner's Motion for Summary Judgment is **GRANTED.** Plaintiff's Motion for Summary Judgment is **DENIED.**

**IT IS ORDERED.**

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: September 17, 2019